**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIN YOU, | No. 13-74429 |
| Petitioner, | Agency No. A200-252-962 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Min You, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

The agency found You not credible on several grounds, including You's omission from his asylum application statement that he was badly beaten in detention, and an inconsistency as to the timeframe of his wife's abortion. Substantial evidence supports the agency's adverse credibility determination. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). You's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, You's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of You's CAT claim because it was based on the same evidence found not credible, and the record does not otherwise compel the finding that it is more likely than not You would be

tortured by or with the consent or acquiescence of the government if returned to

China. *See Shrestha,* 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**